IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DERRICK TOOMER, *
Plaintiff,
v. * CIVIL ACTION NO. DKC-16-2480

ASA PATRICIA McLANE, *
ASA THIRUVENDRAN VIGUARAJAH, and
DET. MICHAEL MORAN, *
Defendants.

*****

MEMORANDUM OPINION

On July 5, 2016, the court received a 42 U.S.C. § 1983 complaint packet from Derrick Toomer (hereinafter referred to as "Toomer"), who is confined at the Roxbury Correctional Institution. ECF No. 1. As in a previous case filed by Toomer (*Toomer v. McLane*, Civil Action No. DKC-14-3541), he claims of irregularities in his state court criminal proceedings. ECF No. 1.

Toomer complains that Defendants, Assistant States Attorneys responsible for prosecuting his criminal trial and Detective Michael Moran, deliberately violated his constitutional rights under the 5th, 6th, and 8th Amendments by engaging in prosecutorial misconduct, witness tampering and perjury. ECF No. 1, p. 3.

Toomer alleges that a one time anonymous caller to the police station identified someone else as the murderer of the victim in Toomer's case. He indicates that this information was not made available during his first trial. He states that the information was mischaracterized during his second trial when testimony was offered that the information came from a confidential informant who could not be located and who it was determined was simply seeking money in exchange for information. ECF No. 4, p. 3, ECF No. 6.

Toomer seeks a federal investigation into his claim as well as compensatory and punitive damages. ECF No. 1, pp. 3 & 5; ECF No. 4. Toomer has filed a motion for leave to proceed *in forma pauperis* and because he appears indigent, his motion shall be granted. His cause of action, however, construed as a hybrid 28 U.S.C. § 2241 petition and 42 U.S.C. § 1983 complaint, shall be summarily dismissed.

The Maryland Judiciary Case Search website confirms that on July 15, 2011, Plaintiff was charged in the Circuit Court for Baltimore City with first degree murder and related offenses. *See State v. Toomer*, Criminal No. 111196013 (Circuit Court for Baltimore City); *see* www.casesearch.courts.state.md.us/inquiry. On or about July 19, 2013, Toomer was convicted. On December 22, 2014, however, the criminal judgment was vacated and remanded for a new trial by the Court of Special Appeals of Maryland. *Id*. Plaintiff's second trial ended in a hung jury. *Id*. His third trial is currently scheduled for January 5, 2017. *Id*.

To the extent that Toomer seeks federal court intervention in his pending state criminal re-trial, his case is construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and dismissed. Absent extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding).

Toomer indicates that the instant case presents extraordinary circumstances. In support of his contention, he points out that he has twice been tried for the offense and has been unable to

obtain the information he seeks regarding the anonymous caller/confidential informant. ECF No. 1, p. 5. In further support of his claim that the case presents extraordinary circumstances, he documents the efforts he has made to bring his complaints to the appropriate authorities including complaints with the Attorney Grievance Commission and the U.S. Department of Justice. ECF No. 1-1, p. 4-6, 16.

As Toomer has previously been advised, abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders,* 304 Fed. Appx. 814, 816 (11th Cir. 2008) (per curiam). In the pre-trial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489-90 (1973).

Further, pre-trial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. *See Dickerson v. Louisiana,* 816 F.2d 220, 226-29 (5th Cir. 1987). While the phrase "special circumstances" lacks any definition, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. De Young*, 515 F.2d 437, 449 (3d Cir. 1975). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances is shown. *Id.; see also Drayton v. Hayes,* 589

F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pre-trial habeas intervention since "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore,* 515 F.2d at 449. Habeas corpus relief will be denied without prejudice.[1]

Further, to the extent that Toomer seeks damages under a 42 U.S.C. § 1983 civil rights action related to his confinement arising out of the Baltimore City charges, his convictions, and the remand and retrial of his case, he is barred from so doing so at this time. Assuming that a colorable constitutional claim has been stated, where an inmate's success in a § 1983 damages action would implicitly call into question the validity of the underlying conviction or duration of confinement, the inmate must first "achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Although

[1] When a district court dismisses a petition for habeas corpus solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Toomer has not made the required showing and no certificate of appealability shall issue.

Toomer's convictions were overturned, he is being retried.[2] For reasons set out herein, this hybrid 42 U.S.C. § 1983 civil rights action is hereby dismissed without prejudice.

November 16, 2016

___________/s/____________
DEBORAH K. CHASANOW
United States District Judge

[2] Although *Heck* did not address the situation where a prisoner has had his conviction reversed but then faces re-trial, other courts have addressed the issue. The Fifth Circuit has addressed this situation on more than one occasion. *See, e.g., Clay v. Allen*, 242 F.3d 679 (5th Cir. 2001); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996). *Clay* and *Davis* establish that there is no per se rule against allowing a § 1983 suit that grew out of an invalid conviction to move forward when plaintiff faces re-trial. Instead, applying *Heck*, the district court must look to the facts of the specific case at hand to determine whether a victory in the § 1983 suit would impact the pending re-trial or potentially lead to inconsistent results. *See Clay*, 242 F.3d at 680. If no such conflict exists under the facts of the case, then the § 1983 suit should go forward. *See id*. Where doubts exist, however, the district court has the discretion to stay the civil suit while the state criminal trial goes forward. *Davis*, 79 F.3d at 19 (citing *Heck*, 512 U.S. 477, 487 n. 8). The Seventh Circuit has held that the *Heck* bar is not lifted until the retrial ends favorably for the plaintiff. *See Payano v. Potter*, 554 Fed.Appx.522-, 2014 WL 554544 (7th Cir. 2014) ("even after an appellate court has remanded a criminal case for retrial, the *Heck* bar is not lifted until and unless the retrial ends favorably." citing *Julian v. Hanna*, 732 F.3d 842, 845 (7th Cir. 2010)); *see also Akers v. Bishop,* 65 F. App'x. 952, 954 (6th Cir. 2003) (unpublished, citing *Heck* and ruling that plaintiff could not maintain civil rights action where he was convicted following re-trial). The Second Circuit has held that reversal of a conviction and remand for a new trial is not a "favorable termination" under *Heck*. *See DiBlasio v. City of New York*, 102 F.3d 654, 658 (2d Cir. 1996). Given the allegations raised by Toomer and the fact that he was not released but has been held awaiting re-trial and has thus not received a termination of his claim in his favor--it is clear that a § 1983 decision rendered in his favor would impact his pending re-trial or lead to inconsistent results. Therefore, the *Heck* prohibition applies.